IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS,
LUBBOCK DIVISION

| | | |
|---|---|---|
| LAUREN E. SETH | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| DOLLAR TREE, INC. | § | |
| A Virginia Corporation | § | JURY TRIAL DEMANDED |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, LAUREN E. SETH ("**Plaintiff**" or "**Ms. Seth**"), and files this Original Complaint complaining of Defendant, DOLLAR TREE, INC. ("**Defendant**" or "**DOLLAR TREE**") and in support thereof would show the Court as follows:

### I. THE PARTIES

**1.**     Ms. Seth is an individual and a resident-citizen of and domesticated in Lamb County, Texas.  She is an African American adult female citizen and is protected by the Texas Labor Code, Chapter 21, Employment Discrimination.

**2.**     Ms. Seth was at all relevant times herein an "employee" of the Defendant within the meaning of Texas Labor Code §21.002(7).

**3.**     Defendant, DOLLAR TREE, is a Virginia Corporation which is not registered to do business in the State of Texas. Defendant has its principal place of business and headquarters in 500 Volvo Parkway, Chesapeake, Virginia 23320, and states it is a leading operator of discount

variety stores with over 6,000 locations throughout the United States.  In the State of Texas, Defendant operates approximately 489 retail locations.

4.      In this matter, all of Ms. Seth's complained of acts occurred at the DOLLAR TREE location at 705 Marshall Howard, City of Littlefield, Lamb County, Texas. ("**LITTLEFIELD DOLLAR TREE**"), said location being within the venue and jurisdiction of this Court.

5.      At all relevant times herein, Defendant was an "Employer" as defined by the Texas Labor Code § 21.002(8).

6.      Defendant is not registered to do business in the State of Texas and, therefore, has failed to declare a registered agent for service of process in the State of Texas. Accordingly, service of process on Defendant may be made according to the laws of the State of Texas by serving

> **Service of Process**
> **Secretary of State**
> **James E. Rudder Building**
> **1019 Brazos, Room 105**
> **Austin, Texas 78701**

## II. CONDITIONS PRECEDENT

7.      Ms. Seth filed a timely charge with the Texas Workforce Commission, Civil Rights Division, ("TWC") alleging Defendant's violations of the Texas Labor Code. A notice of the right to file a civil action has been issued by the TWC. A true and correct copy of that notice is attached hereto, marked as Exhibit "A" and by this reference is made a part hereof. All conditions precedent to the institution of this lawsuit have been fulfilled.

## III. JURISDICTION and VENUE

8.      Because complete diversity exists between the Parties, this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1332, et seq.  Plaintiff's case is one of employment discrimination and retaliation brought under the provisions of the Texas Labor Code.

Plaintiff claims against Defendant are for back pay, front pay, compensatory and punitive damages all more than $100,000.00.

9.      This Court is the proper venue because the unlawful employment practices committed by DOLLAR TREE were committed in this judicial district.

## IV. VICARIOUS LIABILITY

10.      Whenever in this Complaint it is alleged that DOLLAR TREE did any act or thing, it is meant that its authorized and/or managerial supervisors, agents, servants, employees, or representatives did such an act and that at the time such act was done, it was done with the full authorization or ratification of DOLLAR TREE or was done in the normal and routine course and scope of employment of DOLLAR TREE's respective supervisors, agents, servants, employees, or representatives.  Specifically, the acts of DOLLAR TREE described hereafter, were undertaken by its then authorized representatives, including Defendant's Reginal Manager, Defendant's local store manager and its project manager. These individuals were given shared supervisory authority over Plaintiff. As such, each of them had day-to-day control over the work conditions, duties, and other aspects of Plaintiff's employment.

## V. FACTS

11.      Ms. Seth is a struggling single mother who was delighted to have been hired as an assistant store manager for Defendant.  Her first day of work was approximately July 6, 2020, when she reported for training at the soon to be opened Littlefield Dollar Tree.

12.      Beginning from day 1 of Plaintiff's employment by Defendant and continuing each day thereafter until Dollar Tree fired her, Dollar Tree's Project Manager[1]  constantly belittled her,

---

[1] He gave the name "Mario." His last name was never mentioned.  Plaintiff later contacted fellow employees to obtain details.  Plaintiff was told that Dollar Tree had said if anyone testified for Ms. Seth, that employee would be fired.

made fun of her, yelled at her, made derogatory references to Plaintiff's race and national origin – all with cruel and harassing language. No other Dollar Tree employee was treated this way.

13.     Defendant's conduct toward Ms. Seth was alarming to her and her fellow employees. Many of them asked her why is he treating you this way?

14.     Ms. Seth was the sole and only Black African American woman present and employed by Defendant at the Littlefield Dollar Tree. No employee, other than Ms. Seth, was the object of Dollar Tree's vituperative conduct

15.     Ms. Seth was hurt, angry – yet terrified by the conduct of Dollar Tree.  She did not want to quit or lose her job.  Employment in Littlefield, Texas was hard for her because of her race. So, Ms. Seth decided just to take it – with no push back of any kind.

16.     Dollar Tree then assigned her to work on a simplified project on the other side of the store well apart from her fellow employees.  The volume, frequency, and intensity of verbal abuse from Defendant to Plaintiff did not stop. Again, Dollar Tree treated no other employee in this manner.

17.     Ms. Seth complained to the Store Manager, Amanda Banta and told her about the harassment, being singled out because of her race and being physically isolated from her fellow employees.  Dollar Tree expressed no interest in helping Ms. Seth. No help came from Dollar Tree.

18.     The next day, Ms. Seth telephone Dollar Tree's Regional Manager who gave his name as "Gerald." Ms. Seth told him also about the harassment, being singled out because of her race and being physically isolated from her fellow employees.  During the conversation, Dollar Tree expressed no concern about the conduct complained of.

19.     The telephone call concluded with Dollar Tree's firing Ms. Seth.  Dollar Tree gave no reason. No other Dollar Tree employee was treated this way.

## VI. CAUSES OF ACTION

## A. RACE DISCRIMINATION

**20.**   Ms. Seth incorporates Paragraphs 1. Through 19., *supra,* as if fully set forth herein.

**21.**   Ms. Seth is a member of a protected class, African American.  She is Black and was in all respects qualified for the position with DOLLAR TREE, yet she suffered an adverse employment action in that she was subjected to a racially hostile environment, given less privileged assignments, verbally abused and demeaned - and eventually terminated from her position because of her race and color.  Other similarly situated employees who are not in the protected class were not subjected to DOLLAR TREE's workplace hostility and discriminatory decision-making, but remained in, and were assigned, more affluent positions and even given pay raises, which were not given Ms. Seth. Defendant's reasons for discharging Ms. Seth were never communicated to Ms. Seth – but, in fact were unlawful and discriminatory. Ms. Seth has suffered damages therefrom. In fact, DOLLAR TREE's unlawful and discriminatory conduct causing Ms. Seth's employment record to appear as a termination, has prevented Ms. Seth from gaining substantial equivalent employment.

## B. RETALIATION

22.   Ms. Seth incorporates Paragraphs 1. Through 21, *supra,* as if fully set forth herein.

23.   Ms. Seth lawfully and properly reported Defendant's discriminatory and unfair labor practices.  Defendant immediately fired her.

## C. EXEMPLARY DAMAGES

24.    Ms. Seth incorporates Paragraphs 1. Through 23, *supra,* as if fully set forth herein. Plaintiff would further show that the acts and omissions of Defendant complained of herein were committed with malice or reckless indifference to the state-protected rights of the Plaintiff. To

punish said Defendant for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendant for exemplary damages as provided by the Texas Labor Code.

## D. CLAIM FOR ATTORNEYS' FEES

25.     Ms. Seth incorporates Paragraph Nos. 1. Through 24, *supra*, as if fully set forth herein.

26.     Request is hereby made for all costs and reasonable and necessary attorneys' fees incurred by or on behalf of Ms. Seth herein, as the Court deems equitable and just, as provided by the laws of the State of Texas.

## E. CLAIM FOR EMOTIONAL AND MENTAL DISTRESS

27.      Ms. Seth incorporates Paragraph Nos. 1. through 26, *supra*, as if fully set forth herein.

28.     DOLLAR TREE's conduct as hereinabove set forth was outrageous and extreme and utterly intolerable. The primary outcome of Defendant's deliberate and intentional creation of a racially hostile work environment and racially motivated decisions with resulting adverse consequences, was that Ms. Seth would suffer severe emotional and mental distress. causing her to seek and obtain relief from a qualified medical health care provider. Defendant intended Ms. Seth suffer and resign her employment. Alternatively, Plaintiff contends DOLLAR TREE's conduct as hereinabove described was at the very least reckless in that DOLLAR TREE knew or had reasons to know that its course of conduct toward Ms. Seth created a high risk of emotional and mental distress and then deliberately continued that harmful course of conduct in conscious disregard or willful indifference to that risk. In any event, DOLLAR TREE's actions directly and proximately caused Ms. Seth to suffer emotional distress which was and is severe.

## F. JURY DEMAND

29.   Ms. Seth hereby demands a jury trial.

## G. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Ms. Seth respectfully prays that Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Ms. Seth against Defendant for the following:

1.   Actual damages in the form of lost wages and benefits;

2.   Front pay to be afforded Ms. Seth for a reasonable time until substantially similar employment can be found;

3.   Damages for suffering emotional and mental injuries and distress;

4.   Reasonable attorneys' fees;

5.   Costs of court;

6.   Prejudgment and post judgment interest at the highest rate allowed by law;

7.   Punitive or exemplary damages; and

8.   Such other and further relief to which Ms. Seth may show herself justly entitled.

Respectfully Submitted,


By:_____/s/ David M. Curtis_____
        David M. Curtis
        State Bar No. 05270930
        DAVID M. CURTIS & ASSOCIATES, P.C.
        381 Casa Linda Plaza, Suite 103
        Dallas, Texas 75218
        Telephone: 833.444.4714
        Facsimile:  800.532.2501
        Cellular:    214-244-4714
        Email:       david@laborassociates.com

**ATTORNEYS FOR PLAINTIFF**